IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITAKER CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-95C |
| v. | ) | |
| | ) | (Judge Futey) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

______Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit the following Joint Preliminary Status Report.

**A. Jurisdiction**

______Whitaker Contractors, Inc. asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.. Defendant is not aware of a basis upon which to challenge jurisdiction at this time.

**B. Consolidation**

______The parties agree that this case should not be consolidated with any other case.

**C. Bifurcation**

______The parties agree that the trial of liability and damages should not be bifurcated.

**D. Deferral**

______The parties are not aware of any related cases currently pending in this or any other tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**E. Remand/Suspension**

______Neither party will seek to remand or suspend this case.

**F. Joinder of Additional Parties**

At this time, neither party intends to join additional parties.

**G. Motions Pursuant to RCFC 12(b), 12(c) or 56**

No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. At this time, the parties have not determined whether they will file any dispositive motions before or following the close of discovery.

**H. Relevant Questions**

1. Whether the contract prohibited Jensen from having vertical bench heights with no more than eight feet of unsupported height below a row of rockbolts drilled into the vertical faces of the benches.

2. Whether Government is liable for grout testing costs allegedly incurred as a result of Jensen's testing of grout during the project.

3. Whether Whitaker is entitled to damages, and, if so, to what amount of damages.

**I. Settlement**

At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement. The parties will consider settling some or all of the claims as this litigation progresses.

**J. Trial**

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate that the case will proceed to trial. Neither party requests an expedited trial schedule.

**K. Electronic Case Management**

______This case is already designated as an electronic filing case and counsel for both parties are certified for Electronic Case Management.

**L. Additional Issues**

______The parties are unaware of any additional information that the Court should be aware of at this time.

**Proposed Discovery Plan**

______Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

a. Initial Disclosures pursuant to RCFC 26(a)(1) shall be served on or before October 2, 2006.

b. All fact and expert discovery in this action shall be completed on or before June 1, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

\s\ Franklin E. White Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

\s\ Joseph A. Yazbeck

JOSEPH A. YAZBECK
YAZBECK, CLORAN & HANSEN, LLC
1300 SW 5th Ave., Ste. 2750
Portland, OR 97201
Tel: (503) 227-1428
Fax: (503) 227-4866

Attorney for Plaintiff

August 31, 2006

\s\ Marla T. Conneely

MARLA T. CONNEELY
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Attn: Classification Unit, 8th Fl.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

Attorneys for Defendant